THOMAS E. BAGNALL, JR., APPELLANT, *v.* HENRY E. BARNARD, RESPONDENT.

*Reward offered for the recovery of the body of a person drowned — the fact that the party offering it furnishes a diver's suit, etc., for use by the finder, does not affect the latter's right to the reward.*

In an action brought to recover a reward offered by the defendant to the person who should find the body of his son, who had been drowned, it appeared that the plaintiff, having seen this offer of a reward, applied to the defendant's agent and proposed to search for the body by diving if the defendant would provide the diver's suit and furnish the man necessary to aid in working the apparatus, to which the defendant's agent assented, and the suit and man were furnished by defendant, with the aid of which the plaintiff did dive a few times and finally brought up the body of the defendant's son from the bottom of the river in which he had been drowned.

*Held,* that the plaintiff was entitled to the reward.

That the facts in the case did not justify the inference that the plaintiff, in what he did, was acting in the defendant's employment.

That the fact that the defendant aided the plaintiff in his work, and in securing the final result thereof, did not impair the plaintiff's right to recover the reward offered in case he was successful in his search.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Clinton on the 31st day of March, 1890, after a trial before the court and a jury at an adjourned Circuit Court held in Clinton county, at which, by direction of the court, the plaintiff's complaint was dismissed and judgment was rendered for defendant, with costs.

The action was brought to recover the amount of a reward offered by the defendant for the recovery of the body of his son, who had been drowned.

*Sheddon & Booth,* for the appellant.

*Henry E. Barnard* and *Royal Corbin,* for the respondent.

LEARNED, P. J.:

The son of the defendant had been drowned in a river, and the body had not been found. The defendant offered, by publication, a reward of $200 to the person who should find the body. The plaintiff having seen this offer of a reward applied to the defendant's

agent, while this offer was outstanding, and proposed to search for the body by diving, if the defendant would provide the diver's suit and furnish the man necessary to aid in working the apparatus. The defendant's agent consented and the suit and the man were furnished by defendant. Some necessary structure like a dock was also supplied by defendant. The plaintiff thereupon did dive a few times and at last found the body of defendant's son, and brought it up from the bottom of the river to the shore and it was received by defendant.

The plaintiff brings this action to recover the reward above mentioned. The learned justice before whom the cause was tried nonsuited the plaintiff and held that the plaintiff was not the finder; that he was working for defendant and that the finding was more properly the work of the defendant himself in whose employ the plaintiff was acting when he found the body; that plaintiff acted gratuitously; that others working with plaintiff were equally entitled to the reward. We think that this was not correct. Undoubtedly when the plaintiff proposed to defendant's agent to dive for the body, the agent could have made an agreement with plaintiff that he should do this work for defendant and be compensated by the defendant at an agreed price, or at what the work was worth, and that plaintiff should not be entitled to the proffered reward. If this had been accepted, then a different case would have existed. But we do not find such evidence. There is some evidence on which a jury might be urged to believe that plaintiff's offer to dive was gratuitous, and made to get himself a reputation. But on this there is a conflict. And we think that the evidence did not justify the court in holding, as matter of law, that the plaintiff did not rely on the reward as his compensation.

Nor do we think that the facts proved established, as matter of law, that the plaintiff was so in the employ of the defendant that it could be said that the defendant found the body. Naturally the defendant was willing to provide any appliances which plaintiff needed in order to dive. But the providing of such appliances did not, as matter of law, show that plaintiff was defendant's employee. The offer of $200 for finding the body was standing open, in no way withdrawn. At the very time when the defendant's agent was providing these appliances, and at the time when by their aid the

plaintiff began his work of diving, the defendant was still proclaiming that he would give $200 to the person who found the body. The plaintiff might justly have relied on this.

It is true that what the defendant did, aided the plaintiff in his work, and thus aided in the final result. But it was the plaintiff who found the body. And it would be a strange meaning to give to the offer of a reward, that it was not to be payable in case the defendant rendered any assistance in the search. An offer of a reward in such a case is intended to stimulate exertion by compensating success beyond the ordinary value of the work done. Unless the offer is plainly and clearly withdrawn, so that the person who attempts the work has no longer this stimulus to effort, he ought to receive what had been promised; even though he who made the offer may think that he could have had the work done at a cheaper price.

The judgment is reversed, new trial granted, costs to abide event.

LANDON and MAYHAM, JJ., concurred.

Judgment reversed, new trial granted, costs to abide event.